FILED

APR 2 0 2008
APR 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TANYA FOSTER-DEMERS

        Plaintiff,

    v.

CHICAGO BOARD OF EDUCATION
        Defendant

**08CV2461**

**JUDGE GUZMAN**

**MAG. JUDGE ASHMAN**

)
)
)   <u>JURY TRIAL DEMANDED</u>

COMPLAINT

COUNT I

DISABILITY DISCRIMINATION-42 U.S.C. Sec. 2000e

<u>NATURE OF THE ACTION</u>

1.    Count I of this action is brought by Plaintiff TANYA FOSTER-DEMERS against Defendant CHICAGO BOARD OF EDUCATION pursuant to the Americans With Disabilities Act of 1990, as amended (the "ADA") for failure to accommodate Plaintiff's disability accommodation request.

<u>JURISDICTION AND VENUE</u>

2    Jurisdiction of this Court for Count I is invoked pursuant to 42 U.S.C. 2000e-5(f)(3), 28 U.S.C. 1331 and 1343(4).

3.    Plaintiff TANYA FOSTER-DEMERS is a citizen of the United States and is a resident of the State of Illinois residing in Elk Grove Village, Illinois.

4.    Defendant CHICAGO BOARD OF EDUCATION does business in the Northern District of Illinois, maintains employment records in the Northern District of Illinois and

1

maintains facilities throughout the City of Chicago in Cook County, Illinois.

5.    Defendant is an employer in Chicago, Illinois and at all times relevant to this complaint has been engaged in an industry affecting commerce and employs more than 500 employees in the United States.

6  Venue is proper under 28 U.S.C. 1391(b) and 42 U.S.C. 2000e-5(f)(3).

ADMINISTRATIVE ACTION

7.    On or about May 5, 2006, Plaintiff filed a Request for Reasonable Accommodation under the Americans with Disabilities Act (ADA) with the Defendant. Defendant refused to act formally on that request, thereby effectively denying it, until January 2007, when it then stated that the request was moot.

8.    On or about February 15, 2007, Plaintiff filed timely charges of disability discrimination and retaliation for fling a disability accommodation request under the ADA against the defendant with the Equal Employment Opportunity Commission ("EEOC").    Said filing was within 300 days of the most recent unlawful employer practice.

9.    On or about February 21, 2008 the Equal Employment Opportunity Commission issued a Notice of Right to sue to Tanya Foster-Demers entitling her to sue Defendants under Title VII of the Civil Right Act for disability discrimination and retaliation

which notice received by plaintiff on or about February 22, 2008, 2008.

JURY TRIAL DEMANDED

10  Plaintiff, **TANYA FOSTER-DEMERS**, requests a jury trial on all questions of fact raised by the Complaint.

CAUSE OF ACTION

11.   Plaintiff has been employed as a teacher with the Defendant from September 1994 to the present.

12.   Plaintiff has suffered from asthma from at least 2001 to the present. Since Plaintiff was diagnosed with asthma, she has continuously received asthmatic medications.

13.   At all relevant times to this complaint, Plaintiff has had a permanent disability which substantially impairs the life activity of breathing.  Physical exertion by the plaintiff normally triggers breathing difficulty. For example, at all times since at least 2001, plaintiff could not walk more than 300 feet without experiencing breathing difficulties that would require immediate rest and medication so that plaintiff could maintain normal breathing.

14.   In addition to physical exertion, Plaintiff suffered breathing difficulties when exposed to respiratory pathogens.

15.   At all times relevant to this complaint, plaintiff is an individual with a disability within the meaning of the ADA.

16.   Plaintiff taught kindergarten at the Gale Community

3

Academy in Chicago, Illinois during the school year September 2005 through June 2006. The Gale Community Academy is a public school maintained by the defendant.

17. A student with a tube in her trachea that emitted regular foul smelling yellow secretions enrolled and entered plaintiff's class during the September 2005 to June 19, 2006 school year. The student is referred to herein as the Trache Student.

18. A nurse was assigned to the Trache Student all day. The assigned nurse covered the trachea tube from the beginning of the school year until December of 2005 when the Trache Student was assigned a new nurse.

19. The new nurse uncovered the child's trachea tube beginning in December of 2005, After the trachea tube was opened, the Trache Student regularly secreted yellow mucus in the classroom through her open, uncovered trachea. The open trachea tube permitted the mucus secretions to reach all people and materials in the classroom, including the plaintiff.

20. Plaintiff's asthma makes her highly susceptible to respiratory infections. Plaintiff tested positive for respiratory syncytial virus (RSV) in 2006. The symptoms Plaintiff suffered during from December 2005 for the remainder of the school year after the trache was uncovered include constant coughing, uncontrolled runny nose and breathing difficulty.

4

21   From December 2005 through the remainder of the school year ending June 19, 2006, Plaintiff regularly brought the unsanitary conditions created by the child's regular emission of yellow mucus with a foul odor in the classroom to the attention of Rudy J. Lubov, the school principal at Gale Community Academy and to school nursing personnel.

22.   Beginning in December 2005 when the Trache Student's trache tube was uncovered through May 10, 2006, when plaintiff was forced to take medical leave, plaintiff regularly experienced severe breathing difficulties due to respiratory illnesses due to conditions diagnosed as asthma, respiratory synctial virus (RSV) and other respiratory infections.

23.   In or about April, 2006, plaintiff began wearing a surgical mask and gloves while teaching based on the recommendation of her physician, George Czajokwski, M.D. and her infectious disease specialist, David Hines, M.D..

24.   On or about May 4, 2006, Rudy Joan Lubov, Principal at Gale Community Academy where Plaintiff taught kindergarten for the school year ending in June 2006, instructed Plaintiff to immediately quit wearing the surgical mask and gloves to school. Plaintiff was further advised to contact Michael Rowder to obtain the defendant's  ADA disability accommodation request forms.

25.   On May 8, 2006 from George Czajokwski, M.D. and on May 9, 2006 from David W. Hines, M.D. Plaintiff brought a medical

notes to the Defendant from her personal physicians requesting that Plaintiff be permitted to wear a mask and surgical gloves. Said medical notes were presented by plaintiff to Mr. Joseph Pekla, Assistant Principal on May 9, 2006.

26.   On or about May 5, 2006, Plaintiff requested an accommodation under the Americans with Disabilities Act (ADA) on a form provided by the Chicago Public Schools.   The form was submitted to Ms. Michael Rowder, ADA Administrator for the defendant.

27.   On May 5, 2006, a pre-disciplinary hearing was scheduled for Wednesday, May 10, 2006 by Principal Rudy Lubov.

28.   In connection with Plaintiff's request for an accommodation under the ADA, Plaintiff's physician, George Czajkowski, M.D. examined the plaintiff and submitted a medical report dated May 8, 2006 stating that Plaintiff was "To wear mask and gloves due to present medical problem".

29.   George Czajkowski, M.D. further stated in a different medical report that Plaintiff suffered from a permanent asthmatic medical condition. The medical report stated that when Plaintiff suffered an asthma attack, all aspects of life are affected including walking, talking, sleeping and caring for herself.   At all times relevant to this complaint, Plaintiff suffered from shortness of breath, coughing and the need for frequent medication during her viral infection and asthma attacks.

6

30.  Czajkowski's medical report further stated, (i) that Plaintiff has chronic asthma and needs continuous controlling medication for her symptoms to be under control, (ii) that it is also important to limit potential exposures to situations which would cause a worsening of her medical condition, and (iii) that Dr. Czajkoski, M.D. stated that the recommendation of Plaintiff's infectious disease specialist (David Hines, M.D. at paragraph 31) would fall in the realm of prevention for Plaintiff to avoid tracheal secretions and limit her exposure to respiratory infection.

31.  On May 9, 2006, David W. Hines, M.D. stated in a medical report relating to Plaintiff that, "I wrote the patient (Plaintiff) to take to work stating that instructing her not to wear mask and gloves to protect herself when around possibly infected trachea secretions was irresponsible behavior.  The medical report by Hines was immediately made available to the defendant.

32.  In April of 2006, plaintiff contacted Craig S. Conover, M.D., Medical Director, Office of Health Protection, Illinois Department of Public Health, by telephone, who advised plaintiff regarding the defendant's policies regarding respiratory viruses.

33.  On May 11, 2006, plaintiff was suspended for 15 days without pay because she wore surgical masks and gloves while teaching.  Plaintiff served her suspension without pay from

September 5, 2006 through September 25, 2006 because she wore the surgical mask and gloves.

34.  Because there was no response to plaintiff's request for a disability accommodation and because plaintiff was instructed not to wear the mask and gloves during work, Plaintiff was forced to request and was granted an unpaid medical leave of absence under the Family Medical Leave Act from May 10, 2006 through June 19, 2006.

35.  Defendant did not respond to Plaintiff's ADA request until January 10, 2007, at which time the defendant denied Plaintiff's request.

36.  At no time following the plaintiff's submission of her disability accommodation request did the defendant engage in an interactive process with the plaintiff.

37.  On February 5, 2007, Plaintiff appealed the defendant's denial of her request for a disability accommodation.

38.  At no time during the appeal process of plaintiff's disability accommodation request did the defendant engage in an interactive process with the plaintiff.

39.  Plaintiff's appeal of her denial of her disability accommodation request was denied by the Defendant

40.  Based on medical advice from her doctors, Plaintiff was not able to work during the May 10 to June 19, 2006 period without wearing a surgical mask and gloves during work.    As

8

Plaintiff was instructed by Principal Lubov not to wear her surgical mask and gloves during work, Plaintiff was forced to request an unpaid personal illness leave of absence from May 10, 2006 through June 19, 2006 which counted toward plaintiff's leave time available pursuant to the Family and Medical Leave Act.

41.  With the accommodation of a wearing a mask and gloves, plaintiff could have performed the essential functions of the position she held as a teacher during the period May 10 to June 19, 2006 period she was on Leave under the Family Medical Leave Act.

42.  With the accommodation of wearing a surgical mask and gloves, Plaintiff would not have been suspended for 15 days.

43.  With the requested accommodation of wearing a surgical mask and gloves, Plaintiff would have been able to perform the duties as a teacher for the defendant during the period May 10 to June 19, 2006 and during the period September 5 through September 25, 2006.

44.  Plaintiff's suspension as a teacher remains on her employment record making her more vulnerable for further, more substantial disciplinary action.

45.  The suspension has caused Plaintiff extreme mental and emotional pain and suffering.

46.  The unlawful employment practices complained of herein were and are intentional.

47.   At all times since January 1, 2006, Defendant knew that it was a violation of the ADA to fail to engage in an interactive process regarding plaintiff's disability accommodation request.

48.   Defendant willfully failed to engage in an interactive process to determine plaintiff's need for a disability accommodation in a timely manner.

49.   At all times since January 1, 2006, Defendant knew that it was a violation of the ADA to fail to fail to reasonably accommodate the Plaintiff, a disabled individual under the ADA.

50.   As a proximate result of the Defendant's denial of Plaintiff's disability accommodation request, Plaintiff has suffered damages in the amount of her lost pay and fringe benefits for the period May 10 through June 19, 2006 and for the period September 5 through September 25, 2006.

51.   The unlawful employment practices complained of herein were willful violations of the American With Disabilities Act in that Defendant knew or should have known that its conduct violated the Plaintiff's rights.

                              PRAYER FOR RELIEF

WHEREFORE, Plaintiff TANYA FOSTER-DEMERS, respectfully prays that this Court:

A.   Award Plaintiff damages against Defendant CHICAGO BOARD OF EDUCATION in the amount of lost pay and fringe benefits based on her lost pay by reason of her medical leave taken from May 10,

                                  10

2006 through June 19, 2006 and based on her suspension for 15
days during the period September 5 through September 25, 2006.

B.    Award Plaintiff compensatory damages against Defendant
CHICAGO BOARD OF EDUCATION for her economic damages and for her
damages due to her extreme emotional pain and suffering in the
maximum amount allowed by law;

C.    Award Plaintiff liquidated damages against Defendant
CHICAGO BOARD OF EDUCATION in an amount not to exceed the amount
permitted by law;

D.    Order defendant CHICAGO BOARD OF EDUCATION to pay
Plaintiff's reasonable attorney's fees, including expert witness
fees, expenses and costs pursuant to 42 U.S.C. 2000e-5(k)
incurred both during the administrative proceedings and as a
result of this litigation;

E.    Enjoin Defendant CHICAGO BOARD OF EDUCATION from failing
to respond to disability accommodation requests in a timely
manner.

F.    Grant such further relief as the Court deems necessary
and proper.

### COUNT II RETALIATION FOR FILING AN ADA CLAIM

1.    Count II is an action by Plaintiff TANYA FOSTER-DEMERS
for retaliation by Defendant CHICAGO BOARD OF EDUCATION against
the plaintiff for filing a disability accommodation request.

2.    Plaintiff incorporates paragraphs 2 through 49 of Count

11

I as paragraphs 2 through 49 of this Count II

50.    Defendant retaliated against the Plaintiff for filing an internal disability accommodation request by willfully failing to engage in an interactive process and failing to decide her claim for a disability accommodation in a timely manner.

51.    Defendant retaliated against the Plaintiff for filing a disability accommodation request by forcing her to request a medical leave of absence under the Family Medical Leave Act to preserve her health without considering her request for a disability accommodation that would allow her to continue work during the period of requested medical leave.

52.    Defendant retaliated against the Plaintiff for filing a disability accommodation request by suspending the plaintiff for a period of 15 days.

53.    Defendant retaliated against the Plaintiff for pursuing her rights to a disability accommodation by denying her the right to a full and complete explanation of the charges brought against her.

54.    Defendant retaliated against the Plaintiff for pursuing her rights to a disability accommodation by developing charges against her without basis and causing her to be wrongfully suspended based on these charges.

55.    As a proximate result of the Defendant's retaliation against the plaintiff, Plaintiff has suffered damages in the

amount of her lost pay and fringe benefits for the period May 10 through June 19, 2006 and for the period September 5 through September 25, 2006.

56.    The unlawful employment practices complained of herein were willful violations of the American With Disabilities Act in that Defendant knew or should have known that its conduct violated the Plaintiff's rights.

PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff TANYA FOSTER-DEMERS respectfully prays that this Court:

A.    Award Plaintiff damages against Defendant CHICAGO BOARD OF EDUCATION in the amount of lost pay and fringe benefits based on her lost pay by reason of her leave taken from May 10, 2006 through June 19, 2006 and based on her suspension for 15 days during the period September 5 through September 25, 2006.

B.    Award Plaintiff compensatory damages against CHICAGO BOARD OF EDUCATION for her economic damages and for her damages due to her extreme emotional pain and suffering in the maximum amount allowed by law;

C.    Award Plaintiff liquidated damages in an amount not to exceed the amount permitted by law;

D.    Order defendant CHICAGO BOARD OF EDUCATION to pay Plaintiff's reasonable attorney's fees, including expert witness fees, expenses and costs pursuant to 42 U.S.C. 2000e-5(k)

13

incurred both during the administrative proceedings and as a result of this litigation;

E. Enjoin the Defendant CHICAGO BOARD OF EDUCATION from failing to respond to disability accommodation requests in a timely manner.

F.  Grant such further relief as the Court deems necessary and proper.

TANYA FOSTER-DEMERS

Charles Drake Boutwell

John F. O'Meara

CHARLES DRAKE BOUTWELL
3075 Plum Island Drive
Northbrook, Ill 60062
847-272-2126
Fax  847-272-2275

JOHN F. O'MEARA
2417 Washtenaw Avene
Chicago, Illinois 60647
773-252-0788
773-252-8265 Fax

14