THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TANYA FOSTER-DEMERS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2461 |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO BOARD OF EDUCATION | ) | Judge Ronald Guzman |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

DEFENDANT BOARD'S ANSWER TO COMPLAINT

Defendant, Chicago Board of Education ("Board"), by and through one of its

attorney, Assistant General Counsel Jennifer Y. Wu, hereby submits its answer,

affirmative defenses, and jury demand to plaintiff's complaint:

DEFENDANT BOARD'S ANSWERS

Answering the specific allegations of plaintiff's complaint, Defendant Board

admits, denies, or otherwise avers as follows:

COUNT I

DISABILITY DISCRIMINATION-42 U.S.C. Sec. 2000e

NATURE OF THE ACTION

1.     Count I of this action is brought by Plaintiff TANYA FOSTER-DEMERS
against Defendant CHICAGO BOARD OF EDUCATION pursuant to the Americans
With Disabilities Act of 1990, as amended (the "ADA") for failure to accommodate
Plaintiff's disability accommodation request.

ANSWER:   **Defendant ADMITS that plaintiff purports to bring an action pursuant**

**to the Americans with Disabilities Act of 1990 ("ADA") for failure to accommodate**

**her request for accommodation.   Defendant DENIES any actions or inaction that**

**would otherwise subject the Board to liability to plaintiff under the ADA.**

JURISDICTION AND VENUE

2      Jurisdiction of this Court for Count I is invoked pursuant to 42 U.S.C. 2000e-5(f)(3), 28 U.S.C. 1331 and 1343(4).

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 2.**

3.      Plaintiff TANYA FOSTER-DEMERS is a citizen of the United States and is a resident of the State of Illinois residing in Elk Grove Village, Illinois.

**ANSWER:    Defendant ADMITS that plaintiff reports that she is a U.S. citizen and**

**resides in Elk Grove, Illinois.**

4.      Defendant CHICAGO BOARD OF EDUCATION does business in the Northern District of Illinois, maintains employment records in the Northern District of Illinois and maintains facilities throughout the City of Chicago in Cook County, Illinois.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 4.**

5.      Defendant is an employer in Chicago, Illinois and at all times relevant to this complaint has been engaged in an industry affecting commerce and employs more than 500 employees in the United States.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 5.**

6.      Venue is proper under 28 U.S.C. 1391(b) and 42 U.S.C. 2000e-5 (f)(3).

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 6.**

ADMINISTRATIVE ACTION

7.      On or about May 5, 2006, Plaintiff filed a Request for Reasonable Accommodation under the Americans with Disabilities Act (ADA) with the Defendant. Defendant refused to act formally on that request, thereby effectively denying it, until January 2007, when it then stated that the request was moot.

**ANSWER:    Defendant ADMITS the allegations contained in the first sentence of**

**Paragraph 7.  Defendant ADMITS that on January 10, 2007, plaintiff's request for**

**accommodation was administratively closed because the circumstances that precipitated her original request no longer existed, and thus, the need for the reasonable accommodation was moot.  Defendant DENIES the remaining allegations contained in Paragraph 7.**

8.    On or about February 15, 2007, Plaintiff filed timely charges of disability discrimination and retaliation for fling [*sic*] a disability accommodation request under the ADA against the defendant with the Equal Employment Opportunity Commission ("EEOC"). Said filing was within 300 days of the most recent unlawful employer practice.

**ANSWER:    Defendant DENIES that it engaged in any unlawful employer practice. Defendant ADMITS the remaining allegations contained in Paragraph 8.**

9.    On or about February 21, 2008 the Equal Employment Opportunity Commission issued a Notice of Right to sue to Tanya Foster-Demers entitling her to sue Defendants [*sic*] under Title VII of the Civil Right [*sic*] Act for disability discrimination and retaliation which notice received by plaintiff on or about February 22, 2008, 2008 [*sic*].

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff received the notice of right to sue on or about February 21, 2008.  Defendant ADMITS the remaining allegations contained in Paragraph 9.**

JURY TRIAL DEMANDED

10.    Plaintiff, TANYA FOSTER-DEMERS, requests a jury trial on all questions of fact raised by the Complaint.

**ANSWER:    Defendant ADMITS that plaintiff makes a jury trial demand in Paragraph 10.**

CAUSE OF ACTION

11.    Plaintiff has been employed as a teacher with the Defendant from September 1994 to the present.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 11.**

12.    Plaintiff has suffered from asthma from at least 2001 to the present. Since Plaintiff was diagnosed with asthma, she has continuously received asthmatic medications.

**ANSWER:    Defendant ADMITS that plaintiff's health care provider purports to list asthma in her request for accommodation form in response to the question regarding medical conditions which limit her ability to do her job.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.**

13.    At all relevant times to this complaint, Plaintiff has had a permanent disability which substantially impairs the life activity of breathing. Physical exertion by the plaintiff normally triggers breathing difficulty. For example, at all times since at least 2001, plaintiff could not walk more than 300 feet without experiencing breathing difficulties that would require immediate rest and medication so that plaintiff could maintain normal breathing.

**ANSWER:    Defendant DENIES that plaintiff is a qualified individual with a disability within the meaning of the ADA.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.**

14.    In addition to physical exertion, Plaintiff suffered breathing difficulties when exposed to respiratory pathogens.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.**

15.    At all times relevant to this complaint, plaintiff is an individual with a disability within the meaning of the ADA.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 15.**

16.    Plaintiff taught kindergarten at the Gale Community Academy in Chicago, Illinois during the school year September 2005 through June 2006. The Gale Community Academy is a public school maintained by the defendant.

**ANSWER:    Defendant ADMITS that plaintiff taught kindergarten at the Gale Community Academy in Chicago, Illinois during the 2005/06 school year until she took a leave of absence on May 10, 2006.    Defendant ADMITS the allegations contained in the second sentence of Paragraph 16.**

17.    A student with a tube in her trachea that emitted regular foul smelling yellow secretions enrolled and entered plaintiff's class during the September 2005 to June 19, 2006 school year. The student is referred to herein as the Trache Student.

**ANSWER:    Defendant ADMITS that a student who had a tracheotomy was a student in plaintiff's kindergarten class during the 2005/06 school year.    Defendant DENIES the remaining allegations contained in Paragraph 17.**

18.    A nurse was assigned to the Trache Student all day. The assigned nurse covered the trachea tube from the beginning of the school year until December of 2005 when the Trache Student was assigned a new nurse.

**ANSWER:    Defendant ADMITS that the student had a full-time nurse who administered to her respiratory needs during school hours. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.**

19.    The new nurse uncovered the child's trachea tube beginning in December of 2005, After the trachea tube was opened, the Trache Student regularly secreted yellow mucus in the classroom through her open, uncovered trachea. The open trachea tube permitted the mucus secretions to reach all people and materials in the classroom, including the plaintiff.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as**

**to the truth of the allegations contained in Paragraph 19.**

20.    Plaintiff's asthma makes her highly susceptible to respiratory infections. Plaintiff tested positive for respiratory syncytial virus (RSV) in 2006. The symptoms Plaintiff suffered during from December 2005 for the remainder of the school year after the trache was uncovered include constant coughing, uncontrolled runny nose and breathing difficulty.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as**

**to the truth of the remaining allegations contained in Paragraph 20.**

21.    From December 2005 through the remainder of the school year ending June 19, 2006, Plaintiff regularly brought the unsanitary conditions created by the child's regular emission of yellow mucus with a foul odor in the classroom to the attention of Rudy J. Lubov, the school principal at Gale Community Academy and to school nursing personnel.

**ANSWER:    Defendant ADMITS that during the 2005/06 school year until she was**

**on a leave of absence, plaintiff contacted Principal Ruby J. Lubov and the school**

**nursing personnel regarding her concerns about the student.  Defendant DENIES the**

**remaining allegations contained in Paragraph 21.**

22.    Beginning in December 2005 when the Trache Student's trache tube was uncovered through May 10, 2006, when plaintiff was forced to take medical leave, plaintiff regularly experienced severe breathing difficulties due to respiratory illnesses due to conditions diagnosed as asthma, respiratory synctial virus (RSV) and other respiratory infections.

**ANSWER:    Defendant ADMITS that plaintiff was on a leave of absence beginning**

**May 10, 2006.  Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the remaining allegations contained in Paragraph 22.**

23.    In or about April, 2006, plaintiff began wearing a surgical mask and gloves while teaching based on the recommendation of her physician, George Czajokwski, M.D. and her infectious disease specialist, David Hines, M.D..

**ANSWER:    Defendant ADMITS that in or about April 2006, plaintiff began wearing a surgical mask and gloves while teaching.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.**

24.    On or about May 4, 2006, Rudy Joan Lubov, Principal at Gale Community Academy where Plaintiff taught kindergarten for the school year ending in June 2006, instructed Plaintiff to immediately quit wearing the surgical mask and gloves to school. Plaintiff was further advised to contact Michael Rowder to obtain the defendant's ADA disability accommodation request forms.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 24.**

25.    On May 8, 2006 from George Czajokwski, M.D. and on May 9, 2006 from David W. Hines, M.D. Plaintiff brought a medical notes to the Defendant from her personal physicians requesting that Plaintiff be permitted to wear a mask and surgical gloves. Said medical notes were presented by plaintiff to Mr. Joseph Pekla, Assistant Principal on May 9, 2006.

**ANSWER:    Defendant ADMITS that on May 9, 2006, plaintiff gave one doctor note to Assistant Principal Joseph Peila, which purported to be from George Czajkowski, M.D., dated May 8, 2006, and stated "To wear mask and gloves due to present medical problem. Further info to follow soon."  Defendant ADMITS that it received another note which purported to be from David W. Hines, dated May 9, 2006, and stated "Ms. Foster is a patient of mine and in the course of her work is exposed to infected secretions of children with tracheostomia.  Instructing her not to wear a mask or gloves in order to protect herself is irresponsible."  Defendant DENIES the remaining allegations in Paragraph 25.**

26.    On or about May 5, 2006, Plaintiff requested an accommodation under the Americans with Disabilities Act (ADA) on a form provided by the Chicago Public

Schools. The form was submitted to Ms. Michael Rowder, ADA Administrator for the defendant.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 26.**

27.    On May 5, 2006, a pre-disciplinary hearing was scheduled for Wednesday, May 10, 2006 by Principal Rudy Lubov.

**ANSWER:    Defendant ADMITS that a pre-disciplinary hearing was scheduled on May 5, 2006 by Principal Rudy Lubov.  Defendant DENIES the remaining allegations contained in Paragraph 27.**

28.    In connection with Plaintiff's request for an accommodation under the ADA, Plaintiff's physician, George Czajkowski, M.D. examined the plaintiff and submitted a medical report dated May 8, 2006 stating that Plaintiff was "To wear mask and gloves due to present medical problem".

**ANSWER:    Defendant ADMITS that on June 1, 2006, its ADA Office received a doctor's note dated May 8, 2006, purporting to be from George Czajkowski, M.D., and stated "To wear mask and gloves due to present medical problem. Further info to follow soon."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.**

29.    George Czajkowski, M.D. further stated in a different medical report that Plaintiff suffered from a permanent asthmatic medical condition. The medical report stated that when Plaintiff suffered an asthma attack, all aspects of life are affected including walking, talking, sleeping and caring for herself. At all times relevant to this complaint, Plaintiff suffered from shortness of breath, coughing and the need for frequent medication during her viral infection and asthma attacks.

**ANSWER:    Defendant ADMITS that on June 1, 2006, its ADA Office received a written response to its Health Care Provider Certification Form dated May 30, 2006, purporting to be from George Czajkowski, M.D.  Defendant ADMITS that the written response states that plaintiff's "asthma is a permanent medical condition"**

**but DENIES that the second sentence of Paragraph 29 accurately or completely describes what is contained in the written response.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.**

30.    Czajkowski's medical report further stated, (i) that Plaintiff has chronic asthma and needs continuous controlling medication for her symptoms to be under control, (ii) that it is also important to limit potential exposures to situations which would cause a worsening of her medical condition, and (iii) that Dr. Czajkoski, M.D. stated that the recommendation of Plaintiff's infectious disease specialist (David Hines, M.D. at paragraph 31) would fall in the realm of prevention for Plaintiff to avoid tracheal secretions and limit her exposure to respiratory infection.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that David Hines, M.D., is an infectious disease specialist.  Defendant ADMITS that the allegations contained in Paragraph 30 regarding the contents of Dr. Czajkowski's written response to its Health Care Provider Certification Form are generally accurate but DENIES that Paragraph 30 completely describes what is contained in the written response.**

31.    On May 9, 2006, David W. Hines, M.D. stated in a medical report relating to Plaintiff that, "I wrote the patient (Plaintiff) to take to work stating that instructing her not to wear mask and gloves to protect herself when around possibly infected trachea secretions was irresponsible behavior. The medical report by Hines was immediately made available to the defendant.

**ANSWER:    Defendant ADMITS that on June 1, 2006, its ADA Office received a Transcription Report dated May 9, 2006, purporting to be from David W. Hines, M.D. Defendant ADMITS that the Transcription Report states that "I wrote the patient a letter to take to work stating that instructing her not to wear mask and gloves to protect herself when around possible infected tracheal secretions was irresponsible**

behavior" but DENIES that Paragraph 31 completely describes what is contained in

the Transcription Report.  Defendant DENIES the remaining allegations contained in

Paragraph 31.

32.    In April of 2006, plaintiff contacted Craig S. Conover, M.D., Medical Director, Office of Health Protection, Illinois Department of Public Health, by telephone, who advised plaintiff regarding the defendant's policies regarding respiratory viruses.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 32.

33.    On May 11, 2006, plaintiff was suspended for 15 days without pay because she wore surgical masks and gloves while teaching. Plaintiff served her suspension without pay from September 5, 2006 through September 25, 2006 because she wore the surgical mask and gloves.

ANSWER:    Defendant ADMITS that on May 11, 2006, plaintiff was suspended for

15 days without pay.  Defendant ADMITS that plaintiff served her suspension

without pay from September 5, 2006 through September 25, 2006.  Defendant

DENIES the remaining allegations contained in Paragraph 33.

34.    Because there was no response to plaintiff's request for a disability accommodation and because plaintiff was instructed not to wear the mask and gloves during work, Plaintiff was forced to request and was granted an unpaid medical leave of absence under the Family Medical Leave Act from May 10, 2006 through June 19, 2006.

ANSWER:    Defendant ADMITS that plaintiff requested and was granted an unpaid

medical leave of absence under the Family Medical Leave Act from May 10, 2006

through June 19, 2006. Defendant DENIES the remaining allegations contained in

Paragraph 34.

35.    Defendant did not respond to Plaintiff's ADA request until January 10, 2007, at which time the defendant denied Plaintiff's request.

**RESPONSE: Defendant ADMITS that on January 10, 2007, plaintiff's request for accommodation was administratively closed.  Defendant DENIES the remaining allegations contained in Paragraph 35.**

36.    At no time following the plaintiff's submission of her disability accommodation request did the defendant engage in an interactive process with the plaintiff.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 36.**

37.    On February 5, 2007, Plaintiff appealed the defendant's denial of her request for a disability accommodation.

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 37.**

38.    At no time during the appeal process of plaintiff's disability accommodation request did the defendant engage in an interactive process with the plaintiff.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 38.**

39.    Plaintiff's appeal of her denial of her disability accommodation request was denied by the Defendant

**ANSWER:    Defendant ADMITS the allegations contained in Paragraph 39.**

40.    Based on medical advice from her doctors, Plaintiff was not able to work during the May 10 to June 19, 2006 period without wearing a surgical mask and gloves during work. As Plaintiff was instructed by Principal Lubov not to wear her surgical mask and gloves during work, Plaintiff was forced to request an unpaid personal illness leave of absence from May 10, 2006 through June 19, 2006 which counted toward plaintiff's leave time available pursuant to the Family and Medical Leave Act.

**RESPONSE: Defendant ADMITS that Principal Lubov instructed plaintiff not to wear her surgical mask and gloves during work.  Defendant ADMITS that plaintiff requested an unpaid personal illness leave of absence from May 10, 2006 through**

June 19, 2006 which counted toward plaintiff's leave time available pursuant to the

Family and Medical Leave Act. Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the allegation that plaintiff acted based on medical

advice from her doctors. Defendant DENIES the remaining allegations contained in

Paragraph 40.

41.    With the accommodation of a wearing a mask and gloves, plaintiff could have performed the essential functions of the position she held as a teacher during the period May 10 to June 19, 2006 period she was on Leave under the Family Medical Leave Act.

ANSWER:    Defendant DENIES the allegations contained in Paragraph 41.

42.    With the accommodation of wearing a surgical mask and gloves, Plaintiff would not have been suspended for 15 days.

ANSWER:    Defendant DENIES the allegations contained in Paragraph 42.

43.    With the requested accommodation of wearing a surgical mask and gloves, Plaintiff would have been able to perform the duties as a teacher for the defendant during the period May 10 to June 19, 2006 and during the period September 5 through September 25, 2006.

ANSWER:    Defendant DENIES the allegations contained in Paragraph 43.

44.    Plaintiff's suspension as a teacher remains on her employment record making her more vulnerable for further, more substantial disciplinary action.

ANSWER:    Defendant ADMITS that plaintiff's suspension as a teacher remains on

her employment record with the Board. Defendant DENIES the remaining

allegations contained in Paragraph 44.

45.    The suspension has caused Plaintiff extreme mental and emotional pain and suffering.

ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 45.

46.    The unlawful employment practices complained of herein were and are intentional.

**ANSWER:    Defendant DENIES that it engaged in any unlawful employment practices and further DENIES the allegations contained in Paragraph 46.**

47.    At all times since January 1, 2006, Defendant knew that it was a violation of the ADA to fail to engage in an interactive process regarding plaintiff's disability accommodation request.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 47.**

48.    Defendant willfully failed to engage in an interactive process to determine plaintiff's need for a disability accommodation in a timely manner.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 48.**

49.    At all times since January 1, 2006, Defendant knew that it was a violation of the ADA to fail to fail to reasonably accommodate the Plaintiff, a disabled individual under the ADA.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 49.**

50.    As a proximate result of the Defendant's denial of Plaintiff's disability accommodation request, Plaintiff has suffered damages in the amount of her lost pay and fringe benefits for the period May 10 through June 19, 2006 and for the period September 5 through September 25, 2006.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 50.**

51.    The unlawful employment practices complained of herein were willful violations of the American With Disabilities Act in that Defendant knew or should have known that its conduct violated the Plaintiff's rights.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 51.**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff TANYA FOSTER-DEMERS, respectfully prays that this Court:

A. Award Plaintiff damages against Defendant CHICAGO BOARD OF EDUCATION in the amount of lost pay and fringe benefits based on her lost pay by

reason of her medical leave taken from May 10, 2006 through June 19, 2006 and based on her suspension for 15 days during the period September 5 through September 25, 2006.

B. Award Plaintiff compensatory damages against Defendant CHICAGO BOARD OF EDUCATION for her economic damages and for her damages due to her extreme emotional pain and suffering in the maximum amount allowed by law;

C. Award Plaintiff liquidated damages against Defendant CHICAGO BOARD OF EDUCATION in an amount not to exceed the amount permitted by law;

D. Order defendant CHICAGO BOARD OF EDUCATION to pay Plaintiff's reasonable attorney's fees, including expert witness fees, expenses and costs pursuant to 42 U.S.C. 2000e-5(k) incurred both during the administrative proceedings and as a result of this litigation;

E. Enjoin Defendant CHICAGO BOARD OF EDUCATION from failing to respond to disability accommodation requests in a timely manner.

F. Grant such further relief as the Court deems necessary and proper.

**ANSWER:   Defendant DENIES that plaintiff is entitled to the request for relief contained in the above paragraph or any of its subparts.**

COUNT II RETALIATION FOR FILING AN ADA CLAIM

1.      Count II is an action by Plaintiff TANYA FOSTER-DEMERS for retaliation by Defendant CHICAGO BOARD OF EDUCATION against the plaintiff for filing a disability accommodation request.

**ANSWER:   Defendant ADMITS that plaintiff purports to bring a retaliation claim for filing a request for accommodation.  Defendant DENIES any actions or inaction that would otherwise subject the Board to liability to plaintiff under the ADA.**

2.      Plaintiff incorporates paragraphs 2 through 49 of Count I as paragraphs 2 through 49 of this Count II[.]

**ANSWER:   Defendant hereby incorporates by reference its answers to paragraphs 2 through 49 of Count I as its answers to paragraphs 2 through 49 of Count II.**

14

50.    Defendant retaliated against the Plaintiff for filing an internal disability accommodation request by willfully failing to engage in an interactive process and failing to decide her claim for a disability accommodation in a timely manner.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 50.**

51.    Defendant retaliated against the Plaintiff for filing a disability accommodation request by forcing her to request a medical leave of absence under the Family Medical Leave Act to preserve her health without considering her request for a disability accommodation that would allow her to continue work during the period of requested medical leave.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 51.**

52.    Defendant retaliated against the Plaintiff for filing a disability accommodation request by suspending the plaintiff for a period of 15 days.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 52.**

53.    Defendant retaliated against the Plaintiff for pursuing her rights to a disability accommodation by denying her the right to a full and complete explanation of the charges brought against her.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 53.**

54.    Defendant retaliated against the Plaintiff for pursuing her rights to a disability accommodation by developing charges against her without basis and causing her to be wrongfully suspended based on these charges.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 54.**

55.    As a proximate result of the Defendant's retaliation against the plaintiff, Plaintiff has suffered damages in the amount of her lost pay and fringe benefits for the period May 10 through June 19, 2006 and for the period September 5 through September 25, 2006.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 55.**

56.    The unlawful employment practices complained of herein were willful violations of the American With Disabilities Act in that Defendant knew or should have known that its conduct violated the Plaintiff's rights.

**ANSWER:    Defendant DENIES the allegations contained in Paragraph 56.**

PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff TANYA FOSTER-DEMERS respectfully prays that this Court:

A.    Award Plaintiff damages against Defendant CHICAGO BOARD OF EDUCATION in the amount of lost pay and fringe benefits based on her last pay by reason of her leave taken from May 10, 2006 through June 19, 2006 and based on her suspension for 15 days during the period September 5 through September 25, 2006.

B.    Award Plaintiff compensatory damages against CHICAGO BOARD OF EDUCATION for her economic damages and for her damages due to her extreme emotional pain and suffering in the maximum amount allowed by law;

C.    Award Plaintiff liquidated damages in an amount not to exceed the amount permitted by law;

D.    Order defendant CHICAGO BOARD OF EDUCATION to pay Plaintiff's reasonable attorney's fees, including expert witness fees, expenses and costs pursuant to 42 U.S.C. 2000e-5(k); incurred both during the administrative proceedings and as a result of this litigation;

E.    Enjoin the Defendant CHICAGO BOARD OF EDUCATION from failing to respond to disability accommodation requests in a timely manner.

F.    Grant such further relief as the Court deems necessary and proper.

**ANSWER:   Defendant DENIES that plaintiff is entitled to the request for relief contained in the above paragraph or any of its subparts.**

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Defendant acted in good faith, in conformity with, and in reliance on written rulings or enforcement policies with regard to all applicable laws.

Second Affirmative Defense

Defendant established a reasonably accessible procedure by which alleged victims of discrimination, harassment, retaliation, or other inappropriate activities could

16

make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

### Third Affirmative Defense

Allegations which Plaintiff failed to raise before the Equal Employment Opportunity Commission are barred.

### Fourth Affirmative Defense

Plaintiff's prayer for relief must fail to the extent that plaintiff has failed to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's damages are limited under 42 U.S.C. § 2000e-5(g)(2)(B).

### JURY DEMAND

Defendant Board of Education of the City of Chicago demands a trial by jury.


Dated: June 30, 2008

Respectfully submitted,

PATRICK J. ROCKS,
General Counsel

By:   s/ Jennifer Y. Wu
Jennifer Y. Wu
Assistant General Counsel
Board of Education of the City
of Chicago - Law Department
125 South Clark Street, Suite 700
(773) 553-1720

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer Y. Wu, an attorney do hereby certify that I caused the attached **Defendant Board's Answer to Plaintiff's Complaint** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to the General Order on Electronic Case Filing, Section XI(C), on the 30th day of June, 2008.

<u>s/ Jennifer Y. Wu</u>